# Staunton.

## SADIE COHN v. CHARLES COHN.

September 22, 1927.

Absent, Prentis, P.

1. DIVORCE—*Appeal—Cross-Error—Rule 8 of the Supreme Court of Appeals.*—The instant case was a suit for divorce. A decree was entered for complainant granting her a divorce from bed and board and awarding her the custody of the children for nine months in the year, and awarding the custody of the children for the remaining three months to defendant. Complainant appealed from that portion of the decree awarding the custody of the children to defendant for a period of three months in the year, whereas defendant assigned cross-error under the provisions of Rule 8 of the Supreme Court of Appeals, and sought a reversal of the decree awarding a divorce from bed and board to complainant, awarding her alimony and the custody of the children, and asking for a decree awarding him a divorce *a mensa* and the custody of the children. Appellant challenged the right of the appellee to assign cross-error under the provisions of Rule 8, on the ground that the only question involved in the appeal was the custody of the children. But the Supreme Court of Appeals found it unnecessary to pass on this question in view of its conclusion to affirm the decree of the trial court.

2. DIVORCE—*Cruelty—Sufficiency of Evidence.*—In the instant case, an appeal from a decree of divorce *a mensa* granted a wife on the ground of cruelty, no principle of law was involved in the disposition of the cause, and the conclusion of the chancellor that the wife was entitled to a divorce *a mensa* on the ground of specific acts of cruelty was fully warranted by the proof.

Appeal from a decree of the Corporation Court of the city of Roanoke, in a suit for divorce. From that portion of the decree granting defendant custody of the children for three months in the year complainant appealed, and defendant assigned cross-error and sought

a reversal of the decree awarding complainant a divorce, alimony and the custody of the children for nine months in the year.

*Affirmed.*

The opinion states the case.

*Jackson & Henson* and *Morris L. Masinter,* for the appellant.

*A. B. Hunt* and *Jas. P. Hart,* for the appellee.

CAMPBELL, J., delivered the opinion of the court.

At the December rules, 1924, appellant filed her second amended bill of complaint against the appellee, alleging acts of physical violence, indulgence in abusive language upon the part of the defendant towards the complainant, amounting to cruelty, and alleging other unmentionable acts of cruelty, closing the bill with the prayer that she be granted a divorce from bed and board, and that she be awarded alimony and the custody of two infant children.

The defendant filed his answer, denying each and every allegation of cruelty, and also filed a cross-bill, charging the complainant with indiscreet conduct and with desertion, and praying that he be granted a divorce from bed and board, and that he be awarded the custody of the two children.

The cause was heard by the chancellor upon the bill of complaint and exhibits filed therewith, the answer and cross-bill of the defendant, the general replication to the answer, and over seven hundred pages of depositions taken on behalf of the complainant and defendant. A decree was entered awarding the appellant a divorce

from bed and board, awarding her alimony in the sum of sixty-five dollars per month, and awarding her the care and custody of the two infant children for a period of nine months in the year, and awarding the care and custody of the children for the remaining three months to the appellee.

Upon application to one of the judges of this court, appellant was allowed an appeal respecting that portion of the decree awarding custody of the children to the appellee for a period of three months in the year.

Appellee assigns cross error in this court, under the provisions of Rule 8, and seeks a reversal of the decree awarding a divorce from bed and board to the complainant, awarding her alimony and the custody of the two children, and the entry here of a decree awarding him a divorce *a mensa* and the custody of the said children.

[1] The appellant challenges the right of the appellee to assign cross error under the provisions of Rule 8, on the ground that the only question involved in this appeal is the custody of the children. As we have concluded to affirm the decree of the trial court, it is unnecessary to pass upon the question.

[2] As was said in *Denny* v. *Denny*, 118 Va. 79, 86 S. E. 835: "The evidence is of a character which, in our opinion, renders any published discussion of it improper." No principle of law is involved in a disposition of the cause. The conclusion of the chancellor, that the appellant was entitled to a divorce *a mensa* on the ground of specific acts of cruelty, is fully warranted by the proof.

We are also of opinion that the court did not err in its disposition of the children. Should such a condition arise in the future as to warrant a change in the decree in regard to the custody of the children, ample relief

is afforded either party both in the reservations contained in the decree and under the provisions of section 5111 of the Code of Virginia.

We are of opinion, therefore, to affirm the decree of the circuit court.

*Affirmed.*